**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Frank Kasper, Jr.,

Plaintiff,

v.

LinuxMall.com, Inc., David Shaw, and Mark Bolzern,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2019 ADM/SRN

---

Vernon J. Vander Weide, Esq. and Thomas V. Seifert, Esq., Head, Seifert & Vander Weide, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

Robert Feigh, Esq. and Thomas P. Melloy, Esq., Hall & Byers, St. Cloud, MN, and John R. Webb, Esq. and Elizabeth A. González, Esq., Holme, Roberts & Owen, Denver, CO, appeared for and on behalf of the Defendants.

---

## I. INTRODUCTION

Defendants' Motion to Dismiss [Doc. No. 7] and Plaintiff's Partial Summary Judgment Motion [Doc. No. 13] in the above-entitled matter came on for hearing before the undersigned United States District Court Judge on January 22, 2001. For the reasons set forth below, Defendants' motion is denied in part and granted in part. Plaintiff's motion is also granted in part and denied in part.

## II. BACKGROUND

### A. Parties

Plaintiff is Frank Kasper, Jr. ("Kasper"), a Minnesota resident. Defendant LinuxMall.com, Inc. ("LinuxMall"), is a Delaware corporation with a principal place of business

FILED FEB 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

in Colorado. Defendant David Shaw ("Shaw") is a Colorado resident and chief executive officer of LinuxMall. Defendant Mark Bolzern ("Bolzern") is LinuxMall's president and a resident of Colorado.

**B. Facts**

Kasper founded Frank Kasper & Associates, Inc. ("FKA") and was its majority shareholder and president. Kasper Aff. ¶ 1. On March 2, 2000, FKA and LinuxMall entered into an agreement ("Merger Contract") whereby FKA merged into LinuxMall. Kasper Aff. ¶ 2; Kasper Aff. II Ex. A. LinuxMall continued to use the FKA name for its operations in Minnesota. *Id.* Also on March 2, 2000, Kasper and LinuxMall signed a two-year employment contract ("Agreement") making Kasper the chief operating officer ("COO") and one of five directors of LinuxMall. *Id.* ¶ 3; Notice of Removal Ex. A.

The Agreement states that "[i]f [Kasper's] employment with [LinuxMall] is terminated by reasons of [Kasper's] Disability or for Cause, the Company shall" pay Kasper severance benefits. Notice of Removal Ex. A § 5(A)(1)-(2). The Agreement defines "Cause" as "acts of dishonesty", "unlawful conduct", or a "gross failure of [Kasper] to perform his duties and responsibilities." *Id.* Ex. A § 5(D)(1). Under the Agreement, severance benefits include Kasper's salary for the remaining term of the Agreement, payment for accrued vacation and sick days, an annual bonus, stock options, reimbursement for already incurred business expenses, an automobile allowance, and health insurance premiums. *Id.* Ex. A § 5(A)(1)-(2).

On July 17, 2000, Kasper was removed as a director of LinuxMall. Kasper Aff. ¶ 23. On July 28, 2000, LinuxMall told Kasper he would no longer be paid after July 15, 2000 and that he was to remove his personal belongings from LinuxMall premises. *Id.* ¶ 27. It is undisputed that

he did not receive any severance benefits described in the Agreement. On August 11, 2000, Kasper filed a complaint alleging claims of specific performance and breach of contract against LinuxMall and a claim of breach of fiduciary duty against Shaw and Bolzern. *Id.* Defendants removed the case to federal court based upon diversity jurisdiction. Notice of Removal ¶ 6.

## III. ANALYSIS

Shaw and Bolzern's Motion to Dismiss is based upon lack of personal jurisdiction and failure to state a valid breach of fiduciary duty claim. Kasper's motion asks for summary judgment against LinuxMall on the specific performance and breach of contract claims.

### A. Shaw and Bolzern's Motion to Dismiss

#### 1. Motion to Dismiss Standard

When ruling on a 12(b)(6) motion, the court must construe the complaint in a light most favorable to the plaintiff. *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993). All factual allegations of the non-movant must be regarded as true. *Id.* Only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief" should a complaint be dismissed. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

#### 2. Personal Jurisdiction

Shaw and Bolzern ("Defendants") claim that this Court does not have personal jurisdiction over them. Personal jurisdiction attaches where the defendant is within the state's long-arm statute and the jurisdiction comports with due process. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998). The Minnesota long-arm statute, Minn. Stat. § 543.19, "is applied to the fullest extent permitted under the due process clause of the Fourteenth Amendment."

*Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 410-11 (Minn. 1992). As a result, jurisdiction under the long-arm statute is satisfied where jurisdiction complies with the Fourteenth Amendment's Due Process Clause. *See Minn. Mining & Mfg. Co. v. Nippon Carbide Indus.*, 63 F.3d 694, 697 (8th Cir. 1995).

"Under the Due Process Clause, jurisdiction over a nonresident is proper only if the defendant has such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. Whether the minimum contacts are sufficient depends on whether the defendant, by some act, 'purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.'" *Id.* (citations omitted). On a motion to dismiss, a plaintiff need only exhibit prima facie evidence demonstrating personal jurisdiction. *Stevens*, 146 F.3d at 543.

Here, Kasper has made the requisite showing. Shaw and Bolzern came to Minnesota several times on their own initiative to facilitate the FKA merger and Kasper's employment with LinuxMall. Kasper Aff. ¶¶ 4, 5. Their travels to Minnesota continued after the merger, including a trip to Minneapolis where they removed Kasper from his management position. *Id.* ¶¶ 24, 32-35. These purposeful actions are sufficient minimum contacts with Minnesota to make the assertion of personal jurisdiction comport with the Due Process Clause. Defendants' Motion to Dismiss based upon a lack of personal jurisdiction is denied.

**3. Failure to State a Claim of Breach of Fiduciary Duty**

Kasper alleges that Defendants owed him a fiduciary duty that was breached when they terminated his employment. Pl.'s Mem. Opp. at 18-19. Shaw and Bolzern aver that Kasper's breach of fiduciary duty claim should be barred as a matter of law for failure to state a claim.

Defendants argue that Delaware law[1] does not allow an employee, even though also a stockholder, to assert a claim of breach of fiduciary duty based upon an employment contract.

In *Riblet Products Corp. v. Nagy*, 683 A.2d 37, 37 (Del. 1996), the Delaware Supreme Court, on a certified question from the 7th Circuit, held that "although majority stockholders have fiduciary duties to minority stockholders qua stockholders, those duties are not implicated when the issue involves the rights of the minority stockholder qua employee under an employment contract." The court continued, stating that majority stockholders may *not* be "held liable for a violation of a fiduciary duty to a minority stockholder who is an employee of the corporation under an employment contract with respect to issues involving that employment." *Id.* at 39-40.

Here, Kasper's asserted breach of fiduciary duty is the Defendants' termination of his employment. As a result, under Delaware law, there can be no breach of fiduciary duty stemming from the termination of his employment. *See id.* Other than his discharge, Kasper did not raise other factual allegations giving rise to a breach of fiduciary duty cause of action. The Motion to Dismiss the breach of fiduciary duty claim is granted.

**B. Kasper's Partial Summary Judgment**

Kasper requests summary judgment in the breach of contract action against LinuxMall. He asks that LinuxMall be required to satisfy the Agreement's severance benefit obligations. LinuxMall avers that there has been no breach because the Agreement is unenforceable for a lack of consideration and, in the alternative, that Kasper materially breached the contract.

---

[1]Because LinuxMall was incorporated in Delaware, Delaware law determines the scope of any fiduciary duty. *See First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 621 (1983).

**1. Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In a Rule 56 motion, the moving party "bears the initial burden of proving that summary judgment is appropriate." *Hanson v. FDIC,* 13 F.3d 1247, 1253 (8th Cir. 1994) (citations omitted). Once this is met, the nonmovant must expressly set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). The evidence is viewed "in the light most favorable to the nonmoving party" in a summary judgment motion. *Dush v. Appleton Elec. Co.*, 124 F.3d 957, 962-63 (8th Cir. 1997) (citing *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997)).

**2. Consideration**

Contrary to LinuxMall's assertions, the Agreement is clearly supported by consideration. In Minnesota, the existence of consideration is a matter of law for the court. *Brooksbank v. Anderson*, 586 N.W.2d 789, 794 (Minn. Ct. App. 1998). "There is consideration if the promisee, being induced by the agreement, does anything legal which he is not bound to do or refrains from doing anything which he has a right to do--it is sufficient that something valuable flows from him, or that he suffers some prejudice or inconvenience, and that the agreement is the inducement to the transaction." *McLellan v. Hamernick*, 118 N.W.2d 791, 794 (Minn. 1962) (quoting *Home Supply Co. v. Ostrom*, 204 N.W.647, 647 (Minn. 1925)).

Consideration may be found from Kasper's assent to merge FKA with LinuxMall. Kasper agreed to the merger in return for becoming employed by LinuxMall on the terms in the Agreement. The Agreement's second sentence states that Kasper is the "founder and majority

shareholder of FKA" and that LinuxMall and FKA have agreed to merge. Notice of Removal Ex. A at 1. The following sentence says that LinuxMall wishes to hire Kasper as its COO. *Id.* Ex. A at 1. The proximity and prominent placement of these statements evinces the relationship of the merger and Kasper's employment.

Additionally, Kasper alleges in the Complaint that he signed the Agreement "in connection with the merger of FKA." Am. Compl. ¶ 9. By failing to deny this averment in its Answer, LinuxMall effectively admitted that the Agreement was signed by the parties because of the merger. *See* Answer ¶ 9; Fed. R. Civ. P. 8(d). The Merger Contract itself also states that FKA's obligations regarding merger are contingent on LinuxMall entering into an employment agreement with Kasper. Kasper Aff. II Ex. A § 7(b)(xiii). It also requires Kasper to resign his current position with FKA as a condition precedent to LinuxMall's merger obligations. *Id.* Ex. A § 7 (a)(x). The Merger Contract was signed by Kasper once as FKA president and once as an "individual." *Id.* Ex. A at 42. Furthermore, the connection of Merger Contract and Agreement is reinforced by the fact that they were signed on the same day.

LinuxMall agreed to hire Kasper in return for Kasper's agreement to merge his business FKA into LinuxMall. The Agreement was formulated to induce Kasper's assent to the merger, which was something that Kasper was not "bound to do." *See McLellan*, 118 N.W.2d at 794. Thus, the Agreement is supported by consideration[2] and is a valid contract.

**3. Severance Pay**

---

[2]Moreover, any alleged lack of "mutuality of obligation" does not render the Agreement unenforceable. "If the requirement of consideration is met, there is no additional requirement of 'mutuality of obligation.'" *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 629 (Minn. 1983) (quoting Restatement (Second) of Contracts § 79 (1981)).

Kasper alleges that he should be paid severance benefits pursuant to the Agreement. LinuxMall avers that Kasper breached the Agreement and thus cannot benefit from it. Under Minnesota law, the "construction and effect" of contract language is a legal question for the court, unless the contract is ambiguous. *Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 916-17 (Minn. 1990). "A contract is ambiguous if, based on its language alone, it is reasonably susceptible of more than one interpretation." *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998). In analyzing a contract's provisions, the language is to be given its "plain and ordinary meaning." *Id.*

LinuxMall asserts that the Agreement requires that Kasper "exert his best efforts" in his employment and that there is a question of fact as to whether he breached that duty. Notice of Removal Ex. A at 1. However, the Agreement is explicit that severance is to be paid even in the case of malfeasance. "If [Kasper's] employment with [LinuxMall] is terminated by reasons of [Kasper's] Disability or for Cause, the Company shall" pay Kasper severance. *Id.* Ex. A § 5(A)(1)-(2). "Cause" is defined as "acts of dishonesty", "unlawful conduct", or a "gross failure of [Kasper] to perform his duties and responsibilities." *Id.* Ex. A § 5(D)(1). This language is unambiguous in explicitly requiring LinuxMall to compensate Kasper even if he is terminated for not exerting his "best efforts." Thus, as a matter of law, LinuxMall is required by the Agreement to pay Kasper severance benefits.

**4. Damages**

The Agreement states that severance pay "shall be paid to [Kasper] by [LinuxMall] in 12 approximately equal monthly installments." *Id.* § 5(A). Kasper avers that he is now entitled to a lump sum payment representing future monthly severance remunerations because LinuxMall

breached the Agreement by denying past payments. The alleged contractual damages amount to $284,646.55 plus interest. LinuxMall claims that Kasper may not receive future payments until they become due. Minnesota law sustains LinuxMall's assertions. Kasper is not yet entitled to future installments of his severance pay. *See First Bank of Floodwood v. Jubie*, 86 F.3d 755, 760 (8th Cir. 1996); *cf. Palmer v. Watson Const. Co.*, 121 N.W.2d 62, 67 (Minn. 1963). As to the specific damage amount asserted by Kasper, summary judgment is denied. LinuxMall shall pay all sums currently due and promptly convey future sums as they become due.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 7] is **DENIED** in part and **GRANTED** in part. Insofar as the Defendants sought dismissal for defects in personal jurisdiction, the motion is denied. Having jurisdiction over Defendants, the motion is granted as to the dismissal of the breach of fiduciary duty claims.

2. Plaintiff's Summary Judgment Motion [Doc. No. 13] is **GRANTED IN PART** and **DENIED IN PART**. As a matter of law, Defendant LinuxMall's liability is established for all severance pay benefits discussed in the Agreement. Insofar as Plaintiff's motion seeks immediate payment of damages in the amount of $284,646.55 plus interest, the motion is denied.

3. The parties are to confer as to damage calculations and establish a future payment schedule consistent with the Agreement. In the absence of a stipulated damage award by March 20, 2001, the parties are required to meet with Magistrate Judge

Susan Richard Nelson on April 2, 2001 at 1:30 P.M. to establish the procedure for resolution of the remaining damage issues.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2001